Filed 6/24/25  P. v. Dinh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100935 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F06076) |
| v. | |
| MINH DINH, | |
| Defendant and Appellant. | |

In 2017, a jury found defendant Minh Dinh guilty of murder and attempted murder.  In 2023, Dinh filed a petition to vacate those convictions under Penal Code section 1172.6.[1]  The trial court found that Dinh failed to make a prima facie showing that he was entitled to relief and denied the petition.  On appeal, Dinh contends:  (1) the trial court erred by finding that the record of conviction established that he was the actual

---

[1]    Undesignated statutory references are to the Penal Code.

1

killer and (2) his appointed counsel performed ineffectively. We conclude Dinh is not eligible for relief under section 1172.6 because the trial court did not instruct his jury on any now-invalid theory of murder. Accordingly, the trial court properly denied the petition and Dinh's counsel could not have performed ineffectively.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the People charged Dinh and two codefendants with murder (count one) and alleged that each defendant intentionally and personally discharged a firearm, and thereby proximately caused death to the victim, pursuant to section 12022.53, subdivision (d). Dinh was also charged with attempted murder of a separate victim (count two) and with intentionally and personally discharging a firearm during its commission and proximately causing great bodily injury to the victim, pursuant to section 12022.53, subdivision (d). The trial court instructed the jury on first and second degree murder with malice aforethought, attempted murder, express and implied malice, and the doctrine of transferred intent.

The jury found Dinh guilty of both second degree murder and attempted murder and found both firearm allegations true. The trial court sentenced Dinh to 74 years to life in prison.

In 2023, Dinh filed a petition alleging he met the requirements for relief under section 1172.6. The trial court appointed counsel for Dinh and entertained briefing. The People filed a response arguing that Dinh was ineligible for relief as a matter of law because: (1) he was not convicted under any now-invalid murder theory and (2) he was the direct perpetrator and actual killer. In his reply brief, Dinh argued that the doctrine of transferred intent permitted the jury to impute malice to Dinh. But, at the prima facie hearing, Dinh's counsel disclosed the recent publication of a case holding that the doctrine of transferred intent did not impute malice. (See *People v. Lopez* (2024) 99 Cal.App.5th 1242.) Dinh's counsel then argued the case had been wrongly decided.

2

The trial court rejected Dinh's arguments and denied the petition. In its order, the court noted that "[t]he jury in [Dinh]'s trial received no instructions regarding felony murder, the natural and probable consequences doctrine, or any theory of liability that imputed malice solely based on participation." Rather, "[t]he record of conviction shows that [Dinh] was the actual killer and convicted under a valid theory of murder." Thus, the court concluded that "the changes to the laws regarding murder do not apply to [Dinh]'s second degree murder and attempted murder convictions" and Dinh "is ineligible for relief as a matter of law."

Dinh filed a timely notice of appeal from the order denying his petition.

## DISCUSSION

Dinh contends the trial court erred by finding that the record of conviction established that he was the actual killer, disqualifying him from relief under section 1172.6. Recognizing that failure to raise an issue in the trial court forfeits the issue on appeal, Dinh further argues his appointed counsel performed ineffectively by not arguing that Dinh was not the actual killer and by not arguing that Dinh's youth could have impacted his ability to form the requisite mental state for second degree murder. We are not persuaded.

A.    *Legal Standards for Ineffective Assistance of Counsel*

"To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.)

"[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) " 'When a defendant on appeal makes

3

a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (*People v. Samayoa, supra*, 15 Cal.4th at p. 845.) " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " (*People v. Weaver* (2001) 26 Cal.4th 876, 925.) "Counsel is not ineffective for failing to make frivolous or futile motions" (*Thompson*, at p. 122), or for failing to object when "there was no sound legal basis for objection" (*People v. Cudjo* (1993) 6 Cal.4th 585, 616; accord, *People v. Bell* (2019) 7 Cal.5th 70, 127).

Under these standards, Dinh cannot establish that his counsel performed ineffectively if the record shows he is not entitled to relief under section 1172.6 as a matter of law.

B.  *Legal Standards for Prima Facie Showing under Section 1172.6*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) (Stats. 2018, ch. 1015) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448.)  First, it narrowed the application of the felony-murder rule. (*Ibid.*)  Second, it "imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).)" (*Id.* at p. 449.)  As part of the law's "ameliorative changes," malice may no longer be imputed to a defendant solely because the defendant participated in another crime. (*People v. Patton* (2025) 17 Cal.5th 549, 558.)  "This means, for instance, that a defendant is no longer guilty of murder as an aider and abettor solely because the 'natural and probable consequences' of that other crime

4

included a confederate's commission of murder." (*Ibid.*)

Senate Bill 1437 also added a procedure, now codified in section 1172.6, " 'for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief' where the two substantive changes described above affect a defendant's conviction." (*People v. Curiel, supra*, 15 Cal.5th at p. 449.)  The Legislature "has since expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.' (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.)" (*People v. Patton, supra*, 17 Cal.5th at p. 558.)  As relevant here, the statute now provides that "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts when" certain conditions apply.  (§ 1172.6, subd. (a).)  After receiving a petition, the trial court determines " ' "whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); [citation].)  If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.  (See § 1172.6, subd. (c); [citation].)' " (*Curiel*, at p. 450.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  " 'This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed' without the need for an evidentiary hearing." (*People v. Patton, supra*, 17 Cal.5th at p. 563.)  If the record demonstrates the petitioner was convicted under still-valid theories of murder and attempted murder, the petitioner cannot make a prima facie showing of eligibility for relief.  (*Ibid.*; see generally *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, citing § 1172.6, subd. (a) [as petitioner

5

was the "only participant in the killing," he was not convicted under an invalid theory and could not have made a prima facie showing of relief].)  Thus, "[a] petitioner is ineligible for section 1172.6 relief as a matter of law if, for example, the jury instructions show that jurors were not instructed on any theory of liability affected by Senate Bill 1437's changes to sections 188 and 189." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)  We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

      C.     *Analysis*

Here, Dinh's jury was not instructed on any theory of liability affected by Senate Bill 1437's changes to the definition of murder.  When instructing on murder, the trial court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime.  Accordingly, Dinh is not "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" and is not eligible for relief as a matter of law.  (§ 1172.6, subd. (a); *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

Similarly, when instructing on attempted murder, the trial court did not instruct the jury on the natural and probable consequences doctrine.  This means Dinh is not "a person convicted of . . . attempted murder under the natural and probable consequences doctrine" and is not eligible for relief as a matter of law.  (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Dinh contends that the instruction given on the murder charge relied on a theory of proximate causation based on Dinh's participation in a gun battle in which another person fired at Dinh and shot and killed the victim, a bystander, instead.  True, Dinh's jury was instructed in CALCRIM No. 520 that:  "A defendant caused the death of another person if he committed an act that was either the actual or proximate cause of death.  In cases

6

where the victim is shot to death, the defendant who fired the fatal bullet will have actually caused the death. [¶] A defendant can also proximately cause a gunshot death even without personally firing the fatal bullet. Indeed, there may be multiple proximate causes of death, even where there is only one known actual cause of death. When the conduct of two or more persons contributes concurrently to death, the conduct if each is a proximate cause of the death if that conduct was also a substantial factor contributing to the result. A cause is concurrent if it was operative at the time of the death and acted with another cause to produce the death. [¶] An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstance established by the evidence. [¶] An act causes death only if it is a substantial factor in causing the death, and the death would not have happened without the act. A *substantial factor* is more than a trivial or remote factor. It must actually contribute to the death. However, it does not need to be the only factor that causes death. . . ." But, our Supreme Court has already determined that the type of proximate cause referenced in the instruction quoted above, deals only with the actus reus of a crime and not the mens rea of a crime and "does not concern the imputed malice theory of criminal liability that is part of the natural and probable consequences doctrine of accomplice liability affected by [*People v.*] *Chiu* [(2014) 59 Cal.4th 155] and Senate Bill No. 1437." (*People v. Carney* (2023) 14 Cal.5th 1130, 1146.) Thus, we agree with the People that under the instructions given in this case, Dinh was culpable as a direct perpetrator and ineligible for resentencing relief as a matter of law.

Nevertheless, Dinh argues, "the instructions given at trial may have allowed the jury to convict [him] of second degree murder based [on] implied malice without considering the impact his youth may have had on his mental state." This argument

mistakes the finding of eligibility made at the prima facie stage with the determination of guilt beyond a reasonable doubt made after an evidentiary hearing. The cases Dinh cites demonstrate this distinction.

In *People v. Jimenez* (2024) 103 Cal.App.5th 994, the defendant pled guilty without foreclosing the possibility that the resulting conviction could have been based on a now-invalid theory of murder. (*Id.* at p. 999.) Thus, the trial court held an evidentiary hearing and determined his guilt beyond a reasonable doubt, which the appellate court held required the court to "assess the significance" of the defendant's youth. (*Id.* at pp. 999, 1007.) In contrast, Dinh's jury instructions demonstrate that he is not entitled to an evidentiary hearing. Because Dinh is not eligible for relief under section 1172.6, the trial court does not need to make any factual finding about Dinh's guilt and Dinh's youth is irrelevant.

*People v. Jones* (2022) 86 Cal.App.5th 1076, is likewise distinguishable because the jury in that case found the defendant guilty of felony murder and found the defendant had not personally used a firearm. (*Id.* at p. 1082.) This established that the defendant was a person eligible for relief under section 1172.6, subdivision (a) and required the trial court to hold an evidentiary hearing. (*Jones*, at p. 1082.) In contrast, here, Dinh's jury was not instructed on felony murder or any other theory permitting imputed malice, so he was not entitled to an evidentiary hearing at which factual considerations like Dinh's youth could be considered.

Similarly, in *People v. Pittman* (2023) 96 Cal.App.5th 400, the trial court instructed the jury "on the natural and probable consequences theory of murder," and the jury "did not specify the theory or theories they relied on to find [the defendant] guilty." (*Id.* at p. 409.) This made the defendant in *Pittman* eligible for an evidentiary hearing. (*Ibid.*) Again, Dinh's jury was not so instructed, which is why he is not eligible for an evidentiary hearing or relief under section 1172.6.

None of these cases hold that a defendant whose jury was not instructed on a now-

invalid theory of murder is eligible for relief under section 1172.6. This means his counsel did not perform ineffectively at the hearing because it would have been futile to argue that Dinh did not actually kill the murder victim or was too young to harbor malice. Because Dinh is not eligible for relief as a matter of law, the trial court properly denied his petition.

## DISPOSITION

The order denying Dinh's section 1172.6 petition is affirmed.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
FEINBERG, J.

9